ACCEPTED
15-25-00227-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
12/9/2025 1:24 AM
CHRISTOPHER A. PRINE
CLERK

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
12/9/2025 1:24:20 AM
CHRISTOPHER A. PRINE
Clerk

# IN THE FIFTEENTH COURT OF APPEALS
## AT AUSTIN, TEXAS

**Case No.** <u>15-25-00227 - CV</u>
(Transferred from the Third Court of Appeals)

**IN RE CEDRIC M. SCOTT, PhD**
*Relator, Pro Se*

v.

**GENERAL LAND OFFICE OF THE STATE OF TEXAS**
*Real Party of Interest*

Original Proceeding from the 250th Judicial District Court
of Travis County, Texas
Trial Court Cause No. D-1-GN-25-000006

# RELATOR'S MOTION FOR EMERGENCY RELIEF

TO THE HONORABLE FIFTEENTH COURT OF APPEALS:

Relator, Cedric M. Scott, PhD[1], respectfully requests this Court for emergency temporary relief under Texas Rule of Appellate Procedure 52.10 to preserve her rights and prevent irreparable harm while the Court considers her Petition for Writ of Mandamus filed December 5, 2025 and accepted for filing on December 8, 2025.

Emergency intervention is necessary because the orders issued by former presiding Judge Cory R. Liu—including orders compelling Relator's deposition, denying dispositive motions, and affecting the procedural posture of the case— were issued while Judge Liu was constitutionally disqualified from the onset this whistleblower case. As such, the orders are **void ab initio**, and enforcement of them would inflict additional irreparable harm on Relator, who currently has **no successor trial judge** available to correct or vacate the void orders.

## I.     RELIEF REQUESTED

Under TRAP 52.10, Relator respectfully requests that this Court:

1. **Stay enforcement of all orders issued by Judge Cory R. Liu in Cause No. D-1-GN-25-000006**, including but not limited to:

   - The order compelling Relator to appear for deposition,

---

[1] Plaintiff's first name is pronounced See-Drick and not Said-Drick. Gender is female, and pronouns are she, her, and hers.

- The order setting hearings on motions,

- The denial of Relator's dispositive motions, and

- Any procedural directives affecting Relator's rights.

2. **Preserve the status quo** by prohibiting GLO or its counsel from attempting to enforce or rely upon the void orders pending this Court's final resolution of the mandamus.

3. **Order the Real Party in Interest** not conduct any deposition, hearing, conference, or other litigation activity based on orders issued by Judge Liu while disqualified.

4. **Grant any further emergency relief** necessary to protect the Court's jurisdiction and prevent further irreparable harm.

## II.     EMERGENCY RELIEF IS NECESSARY TO PREVENT IRREPARABLE HARM

Emergency relief is appropriate where temporary orders are needed to protect the Court's jurisdiction or prevent harm that cannot be remedied on appeal. Tex. R. App. P. 52.10(a).

### A. Enforcement of Void Orders Constitutes Irreparable Harm

Under Tex. Const. art. V, §11, a judge who previously represented a party is constitutionally disqualified. Orders issued during disqualification are:

- Void,

3

- Unenforceable, and

- Subject to mandamus relief.

*See Buckholts I.S.D. v. Glaser*, 632 S.W.2d 146, 148–49 (Tex. 1982).

Requiring Relator to comply with void orders—especially a compelled deposition order—would inflict harm that **cannot be cured through appellate review**, satisfying the standard for temporary relief.

## B. Relator Has No Functional Trial Court

Judge Liu recused himself on November 21, 2025, and as of this filing:

- No successor judge has been appointed,

- Void orders remain unaddressed, and

- The trial court is unable to act.

Relator thus has no avenue to seek relief in the trial court, satisfying the requirement that emergency intervention is necessary to preserve her rights.

## C. Continued Delay Compounds Professional and Financial Harm

Relator has been without comparable employment since December 3, 2024 and continues to experience ongoing blacklisting. Every additional week of litigation paralysis:

- Compounds economic loss,

- Delays relief under the Texas Whistleblower Act, and

- Worsens the prejudice caused by void orders and procedural breakdown.

4

The Texas Supreme Court recognizes that where "delay will permanently prejudice the rights of the parties," emergency relief may be warranted. *In re McAllen Med. Ctr.*, 275 S.W.3d 458, 466 (Tex. 2008).

## III. EMERGENCY RELIEF IS NECESSARY TO PRESERVE THE COURT'S JURISDICTION

If the Court does not issue a temporary stay, GLO may attempt to:

- Enforce the void deposition order,

- Continue litigation activity without judicial authority,

- Take actions premised on void rulings, or

- Create additional procedural complications that frustrate appellate review.

Issuing temporary relief under TRAP 52.10 prevents the Real Party from relying on void orders in a manner that could moot or undermine the mandamus.

## IV. REQUEST FOR TEMPORARY RELIEF WITHOUT PRIOR NOTICE

Under Texas Rule of Appellate Procedure 52.10(b), the Court may grant temporary relief **without prior notice** where immediate intervention is necessary to prevent irreparable injury or to protect the Court's jurisdiction. This is such a case. Relator respectfully submits that emergency relief without prior notice is warranted because:

5

1. **There is currently no successor judge** to whom Relator can apply for vacatur of the void orders. Since Judge Liu's recusal on November 21, 2025, the trial court has been unable to act, leaving Relator without any avenue for relief at the trial-court level.

2. **All operative orders were issued by a constitutionally disqualified judge**, rendering them void **ab initio**. Enforcement of void orders constitutes immediate and irreparable harm that cannot be remedied on appeal.

3. **The compelled deposition order** presents imminent harm because GLO intends to enforce a deposition, notwithstanding Judge Liu's disqualification and the absence of judicial oversight. Requiring Relator to comply with a void deposition order would undermine the integrity of the judicial process and prejudice the mandamus proceeding itself.

4. **The Real Party in Interest** continues to benefit from procedural paralysis, while Relator continues to suffer ongoing blacklisting, loss of comparable employment, and increasing prejudice with each week of delay.

5. **Temporary relief** is necessary to preserve the status quo so that the Court may fully and fairly exercise its jurisdiction over the pending mandamus petition. Without a stay, the Real Party may take actions—such as attempting to enforce void orders or conduct discovery—that would create procedural complications or moot portions of the mandamus before this Court can rule.

Because the harm is ongoing, immediate, and cannot be corrected later, Relator respectfully requests that the Court issue temporary relief without awaiting a response, as permitted by TRAP 52.10(b). Given the imminent risk of irreparable harm, Relator requests immediate temporary relief under TRAP 52.10(b). Should the Court prefer to request a response, Relator defers to the Court's discretion.

## V.    PRAYER

Relator respectfully requests that the Court grant this Motion for Emergency Relief under TRAP 52.10 and:

1. **Stay all orders issued by Judge Cory R. Liu** in the underlying case;

2. **Prohibit enforcement or reliance upon those orders** pending mandamus review;

3. **Preserve the status quo** by preventing GLO from compelling Relator's deposition or engaging in litigation activity based on void orders; and

4. Grant all further relief to which Relator is entitled.

Respectfully submitted,

/s/ Cedric M. Scott

Cedric M. Scott, PhD
Relator, Pro Se
Email: cedricscott41@gmail.com

**Date:** December 9, 2025

# CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing **Relator's Motion for Emergency Relief** was served in accordance with Texas Rule of Appellate Procedure 9.5, on December 9, 2025 by electronic service (e-Filing) to the following:

**Real Party in Interest Counsel**

Sara Labashosky
State Bar No. 24129467
slabashosky@bickerstaff.com

Gunnar P. Seaquist
State Bar No. 24043358
gseaquist@bickerstaff.com

Bickerstaff Heath Delgado Acosta LLP
3711 S. MoPac Expressway
Building One, Suite 300
Austin, Texas 78746
(512) 472-8021

**Respondent**

The Honorable Cory R. Liu
Judge of the 250th Judicial District Court
(Recused in Trial Court Cause No. D-1-GN-25-000006)
Travis County, Texas
Email: 250.Submission@traviscountytx.gov

/s/ Cedric M. Scott
Cedric M. Scott, PhD
Relator, Pro Se

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 108866059
Filing Code Description: Motion - Exempt
Filing Description: Relator's Motion for Emergency Relief
Status as of 12/9/2025 7:26 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Honorable Cory R.Liu | | 250.submission@traviscountytx.gov | 12/9/2025 1:24:20 AM | SENT |
| Jeffrey Moore | | jmoore@bickerstaff.com | 12/9/2025 1:24:20 AM | SENT |
| Sara Labashosky | | slabashosky@bickerstaff.com | 12/9/2025 1:24:20 AM | SENT |
| Gunnar Seaquist | | gseaquist@bickerstaff.com | 12/9/2025 1:24:20 AM | SENT |